UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 8:10cv2907/30 EAJ

JACOB A. GROB, an individual,

    Plaintiff,

vs.

TRANSWORLD SYSTEMS, INC.,
a California corporation,

    Defendant.
_____/

**COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF**

    Plaintiff, Jacob A. Grob, an individual, sues Defendant, Transworld Systems, Inc., a California corporation, and alleges:

*INTRODUCTION*

    1.    This is an action for violation of 15 U.S.C. §1692, *et seq.*, known more commonly as the "Federal Fair Debt Collection Practices Act" ("FDCPA"), and Florida Statutes §559.551, *et seq.*, known more commonly as the "Florida Consumer Collection Practices Act" ("FCCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

*JURISDICTION*

    2.    Jurisdiction of this Court arises under 15 U.S.C §1692k and 28 U.S.C.§1337, and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C.§ 1367.

*ALLEGATIONS AS TO PARTIES*

    3.    At all times material hereto, Plaintiff, Jacob A. Grob ("Mr. Grob"), was *sui juris* and a resident of Pinellas County, Florida.



4. At all times material hereto, Defendant, Transworld Systems, Inc. ("Transworld Systems" or "Debt Collector"), was a California corporation doing business in Pinellas County, Florida.

5. At all times material hereto, Transworld Systems is and was engaged in the collection of consumer debts using mail and telephone communications to debtors.

6. All acts and omissions of any employee, agent or representative of Transworld Systems were within the scope of the employment and authority of the employee, agent or representative were committed with actual, constructive or implied knowledge and consent of Transworld Systems.

## *FACTUAL ALLEGATIONS*

7. On or about January 3, 2009, Mr. Grob responded to a sales presentation by "Events & Adventures Tampa, Inc." ("E&A") with respect to services designed to provide social events for young professionals in the Greater Tampa Bay area.

8. In reliance upon the marking efforts by E&A, Mr. Grob entered into a written agreement entitled "Events & Adventures Membership Agreement" ("Membership Agreement").

9. Pursuant to the Membership Agreement, E&A agreed to provide a minimum of ten (10) social events per month at sponsored events for young single professionals in the Tampa Bay area.

10. Pursuant to the Membership Agreement, Mr. Grob paid the sum of One Hundred Dollars ($100.00) down and made two (2) monthly payments of Eighty Dollars ($80.00).

11. After attending a "social function" purportedly hosted by E&A, Mr. Grob discerned that the services provided by E&A were not as represented by the marketing of E&A.

In particular, Mr. Grob determined that the "members" of E&A were substantially older than Mr. Grob and the so-called "social events" were in fact happy hours.

12. Dissatisfied with the services provided by E&A, Mr. Grob properly terminated his membership under the Membership Agreement.

13. Notwithstanding the termination of the membership of Mr. Grob, E&A employed the Defendant for the purpose of collecting or attempting to collect monies purportedly due under the Membership Agreement ("E&A Account").

14. Commencing in January, 2009, Defendant, through its agents, employees and/or representatives acted within the scope of its employment and with the authority of Defendant, began a pattern of conduct reasonably calculated to harass, threaten or coerce Mr. Grob into paying monies under the E&A Account.

15. On or about Thursday, January 14, 2010, an employee and/or representative of Transworld Systems using the name or trade alias of "Dan Bradley" ("Mr. Bradley") left the following message on the voice mail of Mr. Grob:

"Hey Jacob this is Dan Bradley. Give me a call at (972) 301-4386."

16. At the time he replayed the voice mail message from Mr. Bradley, Mr. Grob did not have any idea whatsoever concerning the purpose of the telephone call from Mr. Bradley, especially in light of the use of the first name of Mr. Grob by the caller.

17. By information and belief, Defendant maintains a practice or policy of leaving messages on the voice mail or answering machines of consumers that use informal greetings so to conceal the true nature of the call, to wit: the collection of a debt, so as to increase the likelihood of a response telephone call.

18. On or about Friday, January 15, 2010 at approximately 11:00 a.m, Mr. Grob returned the telephone call of Mr. Bradley at the provided number.

19. Mr. Bradley commenced the telephone discussion with Mr. Grob with the demand that Mr. Grob immediately pay several hundred dollars for an unspecified debt.

20. When Mr. Grob objected to owing any money whatsoever to Mr. Bradley's company, Mr. Bradley responded by menacingly stating: "I am red-flagging things. You will see what will happen on Monday."

21. After approximately ten (10) minutes at about 11:12 p.m., Mr. Grob called the telephone number provided by Mr. Bradley again to determine why he was in collections.

22. The person who Mr. Grob spoke to identified himself only as the "manager" of Mr. Bradley.

23. After the "manager" advised that the debt involved the Membership Agreement with E&A, Mr. Grob informed the "manager" that he would not pay any money as he already paid E&A all monies owed.

24. The telephone call with the "manager" ended with the "manager" saying: "You have until 5:00 p.m. today to pay the debt in full or I will report the account."

25. The representation that the account would be "reported" was with the intent to falsely and deceptively imply to Mr. Grob that Transworld Systems would report negative information concerning the E&A Account to the consumer reporting agencies ("CRAs"). Upon information and belief, Transworld did not have the intention to reporting any adverse information concerning Mr. Grob to the CRAs concerning the E&A Account by the end of the business day.

26. After the "manager" hung up and Mr. Grob had further opportunity to consider his situation, Mr. Grob decided to again call the telephone number of Mr. Bradley to demand to speak to a manager.

27. At or about 12:01 a.m., Mr. Grob spoke with another manager at Transworld Systems by the name or trade alias of "Nathan Gibson" ("Mr. Gibson").

28. After Mr. Grob explained to Mr. Gibson that he did not owe any monies under the Membership Agreement with E&A, Mr. Gibson stated that he would provide a copy of the agreement with E&A to demonstrate that monies were in fact owed.

29. In response to the request by Mr. Grob, Mr. Gibson sent or caused to be sent to Mr. Grob from the e-mail address "nathan.gibson@corp.transworldsystems.com" the following one line communication:

"Here is the info per your request."

("E-mail Communication")

30. The E-mail Communication had as an attachment *inter alia* a version of the Membership Agreement that had been improperly altered by some unknown party to fabricate the existence of a debt owed to E&A.

31. After receipt of the E-mail Communication, Mr. Grob informed Mr. Gibson that he refused to pay any further monies under the E&A Account.

### COUNT I - ACTION FOR VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. §1692 *ET SEQUI.*)

32. This is action for violation of 15 U.S.C. §1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA")

33. Mr. Grob realleges and reaffirms the allegations contained in Paragraphs 1 through 31 above as if set forth hereat in full.

34. At all times material hereto, Mr. Grob was a "consumer" as said term is defined under 15 U.S.C. §1692a(3).

35. At all times material hereto, Events & Adventures Tampa, Inc., was a "creditor" as said term is defined under 15 U.S.C. §1692a(4).

36. At all times material hereto, the E&A Account was a "debt" as said term is defined under 15 U.S.C. §1692a(5).

37. At all times material hereto, Transworld Systems, Inc. was a "debt collector" as said term is defined under 15 U.S.C. §1692a(6).

38. As more particularly described above, Transworld Systems has violated the FDCPA in that Transworld Systems has:

(a) used false, deceptive, or misleading representations in connection with the collection of any debt in contravention of 15 U.S.C. §1692d;

(b) engaged in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in contravention of 15 U.S.C. §1692e;

(c) made a false representation of the character, amount or legal status of any debt in contravention of 15 U.S.C. §1692e(2)(A);

(d) made a false representation of the compensation which may be lawfully received by any debt collector of a debt in contravention of 15 U.S.C.§1692e(2)(B)

(e) failed to disclose in the initial written communication with Mr. Grob as a

consumer that the debt collector was attempting to collect a debt and that any information obtained will be used for that purpose, \and in addition, if the initial communication with the consumer was oral, in that initial oral communication, that the debt collector was attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in any subsequent communication that the communication is from a debt collector in contravention of 15 U.S.C. §1693e(11);

(f) used false representations or deceptive means to collect or attempt to collect a debt in contravention of 15 U.S.C. §1692e(10); and

(g) used unfair and unconscionable means to collect or attempt to collect a debt in contravention of 15 U.S.C. §1692f.

39. 15 U.S.C. §1692g provides, in pertinent part, the following:

### Notice of Debts; Contents

Within five days after the initial communication from the consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer written notice containing:

(a) The amount of the debt;

(b) The name of the creditor to whom the debt is owed;

(c) A statement that unless the consumer, within thirty days after receiving the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(d) A statement that if the consumer notifies the debt collector in writing within the thirty day period, the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy

of such verification or judgment will be mailed to the consumer by the debt collector; and

(e) A statement that upon the consumer's written request within the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

40. Transworld Systems violated the requirements of 15 U.S.C. §1692g by failing to provide Mr. Grob with a notice of validation rights as required by the FDCPA.

41. As a direct and proximate result of the violation of the FDCPA by Transworld Systems, Mr. Grob has been damaged. The damages of Mr. Grob include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation, embarrassment and the cost and expense of medical treatment.

42. Pursuant to 15 U.S.C. §1692k, Mr. Grob is entitled to recover actual damages together with statutory damages of $1,000.00, along with court costs and reasonable attorneys fees.

43. Mr. Grob has retained the undersigned law office to represent his interest herein and is obligated to pay said law office a reasonable fee for its services.

WHEREFORE, Plaintiff, Jacob A. Grob, an individual, demands judgment against Defendant, Transworld Systems, Inc., a California corporation, for actual and statutory damages, together with interest, costs and attorneys fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

### COUNT II - ACTION FOR VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

44. This is action for damages for violation of the Florida Consumer Collection

Practices Act ("FCCPA") brought herein pursuant to the doctrine of pendant jurisdiction.

45. Mr. Grob realleges and reaffirms the allegations contained in Paragraphs 1 through 31 above as if set forth hereat in full.

46. At all times material hereto, the Membership Agreement constituted a "debt" or "consumer debt" as said terms are defined under Florida Statutes §559.55(1).

47. At all times material hereto, Mr. Grob was a "debtor" or "consumer debtor" as said terms are defined under Florida Statutes §559.55(2).

48. At all times material hereto, Events & Adventures Tampa, Inc. was a "creditor" as said term is defined under Florida Statutes §559.55(3).

49. At all times material hereto, Transworld Systems was a "debt collector" as said term is defined under Florida Statutes §559.55(6).

50. As more particularly described above, Transworld Systems has violated the FCCPA in that Transworld Systems has:

    (a) Willfully engaged in conduct which reasonably can be expected to abuse or harass Mr. Grob, in contravention of Florida Statutes §559.72(7);

    (b) Asserted the existence of a legal right when such person knows the right does not exist, in contravention of Florida Statutes §559.72(9).

51. As a direct and proximate result of the violation of the FCCPA by the Transworld Systems, Mr. Grob has been damaged. The damages of Mr. Grob include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

52. Mr. Grob has retained the undersigned law firm to represent his interest herein and is obligated to pay said law office a reasonable fee for its services.

53. Pursuant to Florida Statute §559.77, Mr. Grob is entitled to recover actual damages together with statutory damages of $1,000.00, along with reasonable attorney's fees and court costs.

WHEREFORE, Plaintiff, Jacob A. Grob an individual, demands judgment for damages against Defendant, Transworld Systems, Inc., a California corporation, for actual, statutory and punitive damages, together with interest, costs and attorneys fees pursuant to Florida Statutes §559.77.

## DEMAND FOR JURY TRIAL

Plaintiff, Jacob A. Grob, pursuant to Rule 38, Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

_____
ROBERT W. MURPHY
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
(954) 763-8660 Telephone
(954) 763-8607 Telefax
rphyu@aol.com